Michael **PARISI**, Plaintiff,

v.

**ROCHESTER CARDIOTHORACTIC ASSOCIATES, et al.,**
**Defendants.**

No. 91–CV–6387T.

United States District Court,
W.D. New York,
Civil Division.

Jan. 10, 1995.

Angelo Faraci, Rochester, NY, for plaintiff.

Eric Ward, Rochester, for Red Cross.

Robert Hirsch, Rochester, for Rochester Cardiothoractic.

Stevens Ingraham, for Rochester General Hosp.

DECISION AND ORDER

FISHER, United States Magistrate Judge.

The parties have presented a discovery dispute to the court involving the question of Red Cross's Standard Operating Procedures. Plaintiff seeks the entire document which, presumably, covers the entire spectrum of operating procedures in place in every Red

Cross endeavor. Defendants oppose this broad request, and agree only to limited disclosure. It is not clear from either side whether there is room for negotiation. *See* Local Rule 37.

Defendants, however, have submitted a letter of January 6, 1995, which, without prior application, encloses, *ex parte*, the "index" of the Red Cross Standard Operating Procedures. While the letter indicates that a copy of the letter itself was given to opposing counsel (thereby giving notice of the *ex parte* submission), the letter does not recite the agreement of opposing counsel to the *ex parte* submission. Furthermore, the manner of submission of the index gave no opportunity to be heard on the question whether *in camera* submission is appropriate or desirable in the circumstances. Accordingly, I have not read the index and have placed it in a sealed envelope pending decision on whether to grant an *in camera* hearing permitting *ex parte* review of the index.

The Supreme Court has questioned "the possible due process implications of routine use of *in camera* proceedings." *United States v. Zolin,* 491 U.S. 554, 571, 109 S.Ct. 2619, 2630, 105 L.Ed.2d 469 (1989) (adding: "we cannot ignore the burdens *in camera* review places upon the district courts, which may well be required to evaluate large evidentiary records without open adversarial guidance by the parties"). *See also, id.* 491 U.S. at 570, 109 S.Ct. at 2630 ("Our endorsement of the practice of testing proponents' privilege claims through *in camera* review of the allegedly privileged documents has not been without reservation.") These due process considerations become even more stark when an attempt is made by one party to submit matters *in camera* without advance notice to the opposing party that *in camera* review will be sought.

Defendants "should have provided notice to allow the plaintiffs to object to the *in camera* proceeding before it occurred."

*Bareford v. General Dynamics Corporation,* 973 F.2d 1138, 1145 (5th Cir.1992). As the Seventh Circuit has cogently stated:

> [A] designation of an affidavit as *"in camera"* did not render that affidavit judicially sealed or trigger an *in camera* review by the district judge. An *in camera* review requires much more. The properly limited use of *in camera* review typically occurs during the course of litigation and *requires adversarial safeguards.* Initially, a party seeking an *in camera* review of any material must give appropriate notice of such a request to the opposing party as well as the court. Once the purpose for the *in camera* review is explained, the opposing party has an opportunity to respond, and the court may then either accept or reject the review proposal. If the court agrees to an *in camera* review, the moving party submits the material to the judge with such submission noted on the docket. The judge makes his *in camera* review. Then, depending on the judge's findings, and the terms of submission outlined by him, the material may be ordered sealed. Whether sealed or unsealed, the material is preserved as a part of the court record. Of course, variations of this method may be provided by the district judge.

*United States v. Hall,* 854 F.2d 1036, 1042 (7th Cir.1988) (emphasis supplied) (describing what happened in that case—essentially the same scenario as happened in this case—as an "inappropriate procedure ... in submitting an essentially *ex parte* communication to the court"). *See also, In re Special September 1978 Grand Jury (II),* 640 F.2d 49, 58 (7th Cir.1980) ("there was no excuse for the failure to give notice to the other parties that the judge was being contacted by Government and that additional materials were being offered"). *Cf. In re John Doe, Inc.,* 13 F.3d 633, 637 (2d Cir.1994) ("district court proceeded to an *in camera* review of the allegedly privileged communication only after oral argument").[1]

---

1. Like *Zolin, In re John Doe, Inc.* involved application of the crime-fraud exception to the attorney client privilege. In such cases, due process requires more than mere notice to the opposing party and an opportunity for oral argument or other opportunity to be heard. The threshold showing required by *Zolin* also must be made before *in camera* review may be conducted. This case does not involve the same privilege, and it is the proponent of the privilege that is seeking *in camera* review here. Therefore, the threshold showing described in *Zolin* is inapplicable. But

Accordingly, the proffered *ex parte* submission is rejected (although it will be sealed and filed as sealed for any appellate review), and defendants are required to make application on notice, with an opportunity to be heard, for *in camera* review. If this is not accomplished by the time of the scheduled conference, the conference will be postponed.

SO ORDERED.

*In re John Doe, Inc.* specifically approved the procedures undertaken in that case as comporting with due process and, as the quoted reference in the text demonstrates, those procedures afforded notice to the opposing party and oral argument. The Second Circuit thus stands in harmony with the Seventh Circuit cases quoted in the text on the issue of what procedures must attend a request for *in camera* review.